GILLETT, receiver of the St. Lawrence Bank, *vs.* CAMPBELL.

Where the holder of a mortgage assigned it to a third party, and afterwards received from the mortgagor his promissory note for interest in arrear on that security; *held*, that the note was void for want of a consideration.

It was for the party prosecuting the note to shew, if the fact existed, that the amount of it had been applied on the mortgage debt. *Per* BRONSON, C. J.

The objection that an instrument given in evidence at the circuit was without seal, in a case where a seal is essential to its validity, must appear to have been taken at the trial, otherwise it will not be regarded upon the argument of a bill of exceptions.

An assignment of a mortgage by an individual or a corporation without seal is a valid transfer of the mortgage debt. *Per* BRONSON, C. J.

A banking corporation may make a valid transfer of a security held by it to secure a debt owing by such corporation.

An instrument purporting to be an assignment of a mortgage by an association under the general banking law, signed by its president and cashier, carries with it presumptive evidence that it was authorized by the association, and no by-law respecting the authority of those officers need be proved.

An assignment by a banking association of a security held by it of the value of over one thousand dollars, is not within the provision of the revised statutes, (1 *R. S.* 591, § 8,) forbidding such assignment by a monied corporation without a resolution of its board of directors.

Such association is not required to have a board of directors, but may conduct its business (except the signing of contracts) by such officers and agents as it may choose to appoint. (*a*) *Per* BRONSON, C. J.

ASSUMPSIT tried before WILLARD, C. Judge, at the St. Lawrence circuit, in February, 1844. The plaintiff gave in evidence the defendant's promissory note, as follows:

(*a*) No objection was taken in this case that banking associations were not legal institutions.

Gillett *v.* Campbell.

"$140. October, 15, 1841.

I promise to pay the St. Lawrence Bank or order, one hundred and forty dollars, three months after date with interest, (*interest on my mortgage to said bank for stock from 15th October, 1840, to this date.*) . JAMES CAMPBELL."

The defendant had given such a mortgage to the bank. For the purpose of proving that there was no consideration for the note, the defendant proved that the bank had assigned this with other bonds and mortgages to the Canal Bank of Albany, before the note was made, to wit, on the 31st of March, 1841. The assignment was executed by the president and cashier of the bank, which was an association under the general banking law. The plaintiff objected to receiving the assignment in evidence, on the ground that no authority to the president and cashier to make the assignment was shown, either by the by-laws of the company or a resolution of the board of directors. It was admitted that there were no by-laws of the company in relation to the assignment of such assets. The judge overruled the objection, and received the evidence. The plaintiff was thereupon nonsuited, on the ground that there was no consideration for the note. He now moves for a new trial on a bill of exceptions.

*J. Edwards,* for the plaintiff. . There was no valid assignment of the mortgage, because no authority to the president and cashier was shown to make it. The powers of the company are vested in the *association,* and not in its *officers.* (*Stat.* 1838, *p.* 249, § 18.) 2. It does not appear that there was any seal to the assignment, and a corporation can only convey real estate by deed under seal. (*Angell & Ames on Corp.* 150, 159, 280.) 3. As the assignment included effects of the bank exceeding in value one thousand dollars, it was necessary to show a resolution of the board of directors. (1 *R. S.* 591, § 8.) 4. It was for the defendant to show that the note had not been indorsed or applied on the mortgage.

*C. G. Myers*, for the defendant, cited *Matter of The Bank of Dansville*, (6 *Hill*, 370;) 1 *R. S.* 593, § 20; *Stat.* 1838, *p.* 251, §§ 26, 27; *id.* 1841, *p.* 364, § 1; *idem, p.* 365, §§ 1, 5.)

*By the Court*, BRONSON, Ch. J.   Assuming the mortgage to have been duly assigned, the defendant fully made out his case.   It was enough for him to show that the bank took the note on account of a debt which it did not own, but which belonged to another.   It was for the plaintiff to show, if he could, that the amount of the note had been applied on the mortgage debt.   Until that was done, and as the proof stood, there was no consideration for the note.   Indeed, the taking of the note after having parted with the mortgage, unless the matter can be explained, was nothing less than a downright fraud upon the defendant.

The want of a seal was not mentioned on the trial; and for aught we can see the objection taken here may spring out of a casual omission to affix the sign for a seal in copying the assignment into the bill of exceptions.   But if in truth there was no seal to this assignment, the defendant, had the objection been taken on the trial, might have produced another—a sealed assignment.   A party cannot succeed here upon an objection which might have been obviated if made at the proper time.   And finally, the instrument without a seal, though not sufficient to convey a fee in lands, was a good assignment of the mortgage debt.   (*Runyan* v. *Mersereau*, 11 *John. R.* 534.)   Corporations, like individuals, may appoint agents, and make most of the contracts which fall within the scope of their general powers, without the use of a seal.   The rule was once otherwise; but that day has gone by.

The assignment was made for the legitimate purpose of securing a debt which the St. Lawrence Bank owed to the Canal Bank of Albany.   It was an act within the powers of the corporation, and not out of the usual course of business.   By the charter of this class of banks the president and cashier are to sign all contracts made by the association.   (*Stat.* 1838, *p.* 250, § 21.)   The authority of those officers to sign is not delegated

Gillett v. Campbell.

by the corporation. It is conferred by the statute. Of course it could not be necessary to show any by-law or resolution of the corporation conferring the power. And although the statute does not provide that the president and cashier shall *make* contracts, yet having directed that they shall *sign* the contracts of the association, their official signatures furnish presumptive, if not conclusive evidence, that the contract was made by the association. This is as clearly so in relation to a lawful assignment, as it is in relation to the circulating notes which the bank is authorized to issue.

A single question remains. The statute "to prevent the insolvency of monied corporations" provides, that "no conveyance, assignment or transfer not authorized by a previous resolution of its *board of directors*, shall be made by any such corporation of any of its real estate, or of any of its effects, exceeding the value of one thousand dollars." (1 *R. S.* 591, § 8.) Although the St. Lawrence Bank is a "monied corporation," the charter does not provide for a "board of directors," nor for any other board or description of officers who are to have the direction or management of the affairs of the corporation. (*See* 1 *R. S.* 599, § 53.) The president and cashier are to sign contracts. (*Charter*, § 21.) But as to every thing else, the business is to be conducted by such officers and agents as the association may choose to appoint. (§ 18.) The whole power may be vested in a single officer or agent, if such be the will of the corporation. Now although this association may have voluntarily committed the management of its affairs to a board of directors, I am of opinion that the statute in question does not apply. It only extends to such monied corporations as are *by their charters* subject to the management of a board of directors, trustees, or other officers. (*See Matter of The Bank of Dansville*, 6 *Hill*, 370.) We think the case was properly disposed of at the circuit.

New trial denied.