New-York General Term, June, 1848. *Shankland, H. Gray, and Sill,* Justices.

## Tylee *vs*. Yates and others.

A party who sees his obligations transferred by the holder to a bona fide purchaser, for a valuable consideration, without giving notice of any defence or set-off which he may claim, against it, is estopped from setting up such defence or set-off, against the purchaser.

Post-notes issued by banking associations, having been decided to be absolutely void; *Held*, that an assignment of securities, made by a banking association, to trustees, as a collateral security for the payment of post-notes issued by it, was also void, and transferred no title to the assignees.

Where a debt is secured by an instrument of a higher nature, as by a bond and mortgage, a promissory note given for the same debt is void. In such a case the remedy is upon the higher security.

Where the holders of a mortgage received from the mortgagor his promissory note for the interest due on the mortgage, and afterwards assigned the note, to a third party, who brought an action on the note, and the holders also transferred the bond and mortgage, to other persons; *Held*, that the plaintiff was bound to prove

Tylee v. Yates.

that the sum for which the note was given was endorsed as paid, upon the bond, or reserved to the assignors, when the bond and mortgage were assigned.

An agreement to pay interest upon interest, due at the time the promise is made, is not usurious, and may be enforced.

ERROR to the superior court of the city of New-York. The suit was brought against Tylee, in the court below, on a note dated May 9, 1840, made by him to the North American Trust and Banking Company (not negotiable) for $2200, payable three months after date. The parties stipulated, that "no objection should be made on the trial to the right of the plaintiffs to prosecute the note declared on in their own names, with the like effect as if the same had been negotiable, with liberty to the defendant to make any set-off to the same that he could if the same had been sued in the name of the president of the North American Trust and Banking Company."

It appeared on the trial that, previous to the giving of the note, the company held the bond and mortgage of the plaintiff in error, which had been given for its stock, conditioned to pay $60,000 with interest, payable half yearly, and dated September 25th, 1838. The note was given for a half year's interest, which had accrued upon this bond and mortgage, and $100 for interest upon the interest. In December, 1840, or January, 1841, the company being unable to meet their liabilities, made a loan of some money; issuing to the lenders notes in the following form:

"$500.                    New-York, December 15th, 1840.

Thirteen months after date, The North American Trust and Banking Company promise to pay at their Banking House, to the order of Elam H. Gibbs, for value received, the sum of five hundred dollars, with interest thereon at the rate of seven per cent per annum.          THOMAS G. TALMAGE, Pres't.

D. E. TYLEE, Cash.

(Endorsed) Elam H. Gibbs."

Pursuant to the arrangement under which the loan was obtained, the company made an assignment of certain bonds,

Tylee *v.* Yates.

mortgages, notes, &c. (among which was the note in question) to the defendants in error, in trust to secure the payment of these post-notes and the interest, and legal expenses on them.

The bond and mortgage of the plaintiff in error had, before the trial, been assigned to persons not parties to this suit. But it did not appear whether it was transferred before or after the assignment in trust to the defendants in error, or whether the interest for which the note was given was endorsed on it, or any reservation of it made to the company. The plaintiff in error gave evidence tending to establish a claim against the company which would be a set-off against the note in their hands. There was evidence also that the plaintiff in error subscribed the assignment to the defendants in error, as a witness; and other testimony tending to show knowledge, on his part, that his note was included in the schedule of property transferred by it; and that he, at the time, gave them no notice of any set-off or defence against the note. The superior court ruled that the assignment was valid, and transferred to the defendants in error a good title to the note. And that as the plaintiff in error neglected to give notice of any set-off, or defence, when the transfer was made, he was estopped from making any set-off, or setting up any defence that existed at the time of the transfer. Some other points were made on the trial, which are sufficiently explained in the opinion of the court. The defendants in error obtained a verdict for the amount of the note and interest.

*Charles Sanford*, for the plaintiff in error.

*W. C. Noyes*, for the defendants in error.

*By the Court*, SILL, J. Various exceptions were taken to the ruling of the court on the trial, touching the admissibility of testimony offered by the defendant below, to establish his set-off. None of these can affect the questions before us; for if the set-off was erroneously excluded, the judgment must for this reason be reversed. But if this decision was right, any

error in admitting or excluding testimony affecting merely Tylee's claim against the North American Trust and Banking Company, could not injure him. The mass of testimony on this subject should have been excluded from the bill of exceptions.

The objection that the note is usurious, is not tenable. One witness says that one hundred dollars of it is made up of interest upon interest. This does not constitute usury. (*Kellogg* v. *Hickok*, 1 *Wend.* 521.)

The defendants in error insist that, by the stipulation, the *plaintiff* in error has admitted the title to the paper to be in them, and has precluded himself from setting up any defence to it, as against the company. While on the other side it is contended that the effect of the stipulation is to admit any defence which might have been available if the suit had been instituted in the name of the company and for its benefit. Both parties claim too much under this stipulation. Evidently the object in obtaining it was to obviate the error committed in commencing the suit on paper not negotiable, in the name of the assignees; and a fair construction of it simply places the parties where they would have been, had the suit been brought in the name of the payee named in the paper. Their substantial rights are not at all changed by it.

The paper on which the suit was brought was not negotiable, and was due at the time of the transfer. Conceding that the defendants in error became the legal owners and holders for a bona fide and valuable consideration, still the plaintiff in error was entitled to make any defence to it which existed between him and the company; unless he has by some act or omission estopped himself from doing so. A party who sees his obligation transferred to a bona fide purchaser for a valuable consideration, without giving notice of any defence or set-off which he may claim against it, is estopped from setting up any against such purchaser. (*Watson* v. *McLaren*, 19 *Wend.* 557. *Foster* v. *Newland*, 17 *Id.* 94. *Petrie* v. *Feeter*, *Id.* 172.) It may be well doubted whether the testimony in this case tending to show that Tylee knew his note was included in the schedule

Tylee *v.* Yates.

of claims transferred, was of that conclusive character which deprived him of the right of submitting that question to the jury. This point, however, seems not to have been made; but the ground taken was that cognizance of the transfer at the time, and omission to give notice of his rights, did not amount to an estoppel. Upon the question thus presented the ruling of the court below was right, and the exception cannot be sustained. This leads us to an inquiry into the title of the defendants in error to the note.

The post-notes were absolutely void. This is not a question open for discussion in this court. (*Swift* v. *Beers*, 3 *Denio*, 70.) By the same case a *personal* collateral security for the payment of such paper is also declared void. It partakes of the nature of the original illegal transaction, and falls with it. There can be no distinction made in principle between the case cited and the one at bar. Whether the collateral security is in the shape of a personal liability or of assigned property, the object being in each case to effectuate an illegal purpose, can make no difference. The illegality attaches alike to the promise and to the assignment. It is said, although the notes are void, the loan to the company was lawful, and that the assignment may be sustained as security for the repayment of the money. And *Pratt* v. *Adams*, (7 *Paige*, 616,) is cited to sustain this position. The authority does not meet the case. It was there held that a creditor who claimed under an assignment, and whose debt was preferred by it, was not in a position to attack the debt of another creditor who was provided for, and placed by his side, by the same instrument. And lest some inference should be drawn from that decision not intended, the chancellor intimates that an assignment made to secure a usurious debt, would be held void in favor of a creditor claiming nothing under it. As the defendant below claims nothing under the assignment, this case is not brought within the scope of the authority cited. The deed of assignment itself, also, is wholly inconsistent with any such position. We are to look to that to ascertain the object and design of placing the property in the hands of these trustees. After reciting the issuing of

Tylee *v.* Yates.

the post-notes, and that the company was " desirous in addition to the *promises contained in the said notes or obligations,* to afford to the *respective holders of the said notes or obligations* a special indemnity or pledge for the payment *thereof* and the interest to accrue," the deed of assignment undertakes to assign the property specified in the schedule annexed to it, *"for the purpose aforesaid."* And the trustees agree to receive and hold the same " until the whole of the said notes or obligations shall be fully paid." And that the assigned property shall be so held " in trust for the holders, *for the time being,* of the said notes or obligations of the said North American Trust and Banking Company, respectively, according to the amount held by each individual respectively."

The deed of assignment recites the contemplated issuing of post-notes simultaneously with its execution, but contains no reference to any loan of money. The assigned property is to be held, not to secure the payment of any loan, or as collateral to any indebtedness arising out of a loan, but is expressly to secure the payment of the notes to the persons who may be the holders thereof for the time being; and is in terms collateral to the promises contained in these illegal and void instruments. The trust deed can mean nothing else. It is neither equivocal, ambiguous nor uncertain; and it ought not to be necessary, at this late day, to reassert the principle that a party, in a court of law, cannot be permitted to assert that a written instrument under which he claims means one thing and reads another.

If parol testimony were admissible to explain and modify the terms and provisions of the assignment, it would not aid the defendants in error. Admitting it to be lawful for the company to make loans and secure the repayment thereof by assignment of their property, still the transaction must be carried out in a legal way. They have done what the statute plainly forbids; and it is no answer to say that the result intended was lawful. Intentions which the law sanctions can be carried out only by lawful means. Here all the mischiefs to the public and to the parties, follow from the transaction as necessarily and directly as though the object had been what these acts import. With

*Tylee v. Yates.*

their secret designs we have nothing to do. Their acts conclude them here. Any other view of the case would render the statute useless and dead. The assignment was void, and under it no title whatever was obtained to the note upon which the suit was brought; and for the purposes of this case it must be regarded as the property of the company.

The plaintiffs below also insist that Tylee was a party to the illegal transfer, and is therefore estopped from setting up its illegality. If he were a party, which is not the fact, it would not work such a result against him. A court will leave parties to an illegal transaction where it finds them, withholding from both its aid in enforcing it—yet it will not prevent either from setting up as a defence the unlawfulness of a contract when it is sought to enforce it against him. Tylee may therefore show the unlawfulness of the assignment, in a suit against him, when the plaintiff claims under it, although an application on his part (were he a party to it) to be relieved from its effect, would not be heard.

It is urged by the plaintiff in error that inasmuch as the suit was brought by parties having no title to the note, it not appearing that it was for the benefit or with the assent of the legal owner, for this reason the judgment must be reversed. This point was not directly passed upon at the trial, and no exception upon it is presented here, and hence it is not before us. We are therefore to treat the case as though the suit were brought by the company for its own benefit; and in that view it will be now examined.

Had the note been for $2100 only, one half year's interest on the bond and mortgage of the plaintiff in error, there could have been no recovery upon it, as the case now stands. It would have been merely a parol collateral promise to the company to pay a debt for which they held Tylee's bond, and could not have been enforced. The remedy would have been upon the higher security. (*Miller* v. *Watson*, 5 *Cowen*, 195.) Besides, the bond and mortgage had been transferred; and to enable the company to recover, it must at least appear that the sum for which the note was given was endorsed as paid upon

the bond, or reserved to the company when the bond and mort-
gage were transferred.   The burden of proving this was on the
plaintiffs below.   (*Gillett* v. *Campbell*, 1 *Denio*, 520.)   The
absence of this proof is fatal to the judgment.   It seems an
agreement to pay interest upon interest, due at the time the
promise is made, may be enforced, and a claim was therefore
established to the amount of the compounded interest included
in the note.   The view taken of the case of course entitles the
defendant below to have also his set-off allowed.

The judgment must be reversed, and a new trial had in the
superior court.

