Elwell and others *vs.* Dodge and others.

The presumption is that acts which an officer of a corporation usually and customarily performs in behalf of the company are authorized by the directors; and the authority to act in a class of cases may be conferred by a single resolution, as well as by a distinct resolution for each case.

In an action upon a promissory note, claimed to have been transferred to the plaintiff by the president of a corporation, it is not necessary to prove a resolution of the board of directors, authorizing that particular transfer. A resolution general in its terms, and sufficiently broad to cover the transaction, will answer the requirements of the statute.

The statute prohibiting transfers of the effects of moneyed corporations exceeding in value $1000, except as authorized by a previous resolution of the board of directors, was designed to protect the corporation against the acts of its officers and agents, and is for the benefit of the corporation and its stockholders and creditors.

So long as neither the corporation nor any one claiming under it or as a creditor having a claim against it at the time of the transfer, who might be injured by it, repudiate the transaction and seek to reclaim or reach the note, the debtor cannot attack the title of the holder, under that statute.

The transfer, if made without the sanction of a previous resolution of the directors, is not void, but simply voidable at the suit of the corporation, or other party in interest.

An indorsement of a promissory note held by an insurance company, by its president, in this form, "L. G. President," *held* to be the indorsement of the corporation, so as to pass the title to the note, where it was proved that the corporation had been accustomed to indorse its commercial paper in that manner, and it did not appear that indorsements in any other form had ever been made by it.

The indorsee of negotiable paper does not take it subject to equities that may thereafter arise between the payee and maker, but only to such as exist at the time of the transfer.

THIS action was upon the promissory note of the defendants, dated March 18th, 1856, for $1671.81, payable twelve months after date to the "Globe Mutual Insurance Company or order." The complaint was in the usual form, averring that "said note was duly indorsed and transferred by said company according to law," and that the same, before its maturity and for a valuable consideration, became and then was the property of the plaintiffs. The defendants in their answer denied the transfer, indorsement and ownership as alleged in the complaint. The answer then proceeds:

Elwell *v.* Dodge.

"Second. And for a further and separate defense these defendants say that the said note was made by them, &c." averring that it was given for a consideration specified, and that they were only to pay such amount as the company should earn as premiums on property insured for the defendants, and that the premiums only amounted to $853.99. The answer contains five paragraphs succeeding the one mentioned, some of which are numbered, but each of which commences in this wise: "And for a further and separate defense these defendants say," &c., and each paragraph avers a single independent fact. The cause was tried before Justice DAVIES and a jury, in October, 1858. On the trial the plaintiffs produced the note, the execution of which was admitted, and proved the indorsement thereon of "L. Gregory, president," to be in the proper handwriting of Mr. Gregory, and that he was at the time of the indorsement, the president of the company named as the payee, and that it was the usual practice of the company to indorse notes in that way by the president. It was also proved that the note, with others, was transferred to the plaintiffs as collateral to a stock note of the company upon a loan by the plaintiffs of their notes, in lieu of money, to the company, which notes the plaintiffs paid at maturity. The loan was $20,000, and the collaterals received by the plaintiffs exceeded that amount by $5000 or $6000, and the whole amount loaned had not been repaid. At the close of the plaintiff's case the defendants moved for a nonsuit, upon several grounds which are stated in the opinion of the court. On the defense it was proved that the vice president attended to the financial business of the company, and when money was needed it was procured by loans upon the stock notes of the company secured by the transfer of notes held by the company, indorsed either by the vice president or president, and that notes were indorsed as this is for the company to use as they saw fit; that the notes of the plaintiffs were negotiated by the vice president and the money paid to the company, and that it was customary to raise

money in the way mentioned without any resolution authorizing it ; that no resolution was ever passed " authorizing stock notes to be given to Elwell," or "authorizing the transfer of the note in suit, or to borrow and give the notes as collateral to Elwell for his notes." The defendants then offered to "prove the defense as stated under the second head of the answer," and it was excluded upon the objection of the plaintiffs, and the defendants excepted. At the close of the evidence the defendant's counsel renewed the motion for the nonsuit, on the same grounds as at the close of the plaintiff's case, and the motion was denied, and to this decision there was an exception. The judge thereupon directed a verdict for the plaintiffs for the amount of the note and interest, and the defendants excepted, and from the judgment entered upon the verdict rendered in pursuance of the direction, the defendants appealed to the general term.

*G. Dean,* for the appellant.

*W. Benedict,* for the respondent.

*By the Court,* ALLEN, J.   The cause is properly before us for review upon the appeal from the judgment. The plaintiffs disregarded the order of the judge at the circuit giving the defendants leave to make a case and directing the motion for a new trial thereon to be heard in the first instance at the general term, and perfected their judgment. If this was irregular it was merely an irregularity, and all objection to it was waived by the defendants by their appeal, and the case is before us as if no order had been made at the circuit, other than the usual order for judgment.

The principal point made and argued in behalf of the appellants is not in the case. The want of a formal resolution by the board of directors of the insurance company, authorizing the transfer of the note in suit, is the point mainly relied on for the reversal of the judgment, and yet that ground was

not suggested upon the trial. The defendants moved for a nonsuit, at the close of the plaintiff's evidence, and renewed their motion at the close of the trial, upon the same ground, and made no objection to the plaintiff's title, other than as stated in support of their motion. The objections were quite too general to permit a particular defect to be urged, upon the appeal, which might have been obviated if it had been specifically mentioned. A general resolution of the directors, delegating the power to transfer property or choses in action to meet the exigencies of the company, or a ratification of this particular transfer by act or resolution of the board, or acceptance and appropriation of the fruits of the transaction, if a special resolution authorizing the transfer and use of this note was wanting, would be sufficient to sustain the indorsement as the act of the company, even as against the company, and might have been proved had the precise point now made been then taken. (*Curtis* v. *Leavitt*, 15 *N. Y. Rep.* 48 *et seq. Id.* 189, 191. *Id.* 137.) The evidence given did not preclude the possibility or even probability that such evidence could be given. The presumption is that acts which an officer of a corporation usually and customarily performs in behalf of the company are authorized by the directors; and the authority to act in a class of cases may be conferred by a single resolution, as well as by a distinct resolution for each case. (*Howland* v. *Myer*, 3 *Comst.* 290. *Gillett* v. *Campbell*, 1 *Denio*, 520. *Bank of Vergennes* v. *Warren*, 7 *Hill*, 91.) The usage and practice of this company was proved, and it would hardly be supposed that the want of a special resolution and want of proof of authority in the officer of the company to make the transfer to the plaintiffs, was the ground of the defendant's objections, taken on his motions to dismiss the complaint. The first objection was that the plaintiff had shown no title to the note, but no defect is pointed out. The proof was that he had received it for value, with an indorsement of the officer accustomed to indorse for the corporation. Secondly, it was objected that the alleged transfer of the note

was illegal and void; that is, illegal as an act of the corpo-
ration prohibited by law, not informal and insufficient for
want of authority in the agent.   The third objection was that
the officers of the insurance company had no authority to
transfer the assets of the company in the manner and for the
consideration as proved in this case.   The objection is to the
purposes and consideration of the transfer, not that they had
no authority to transfer for a proper purpose, or for any pur-
pose, or that the authority was not conferred or evidenced by
a resolution of the directors or in any other particular manner.
While the objection here is that the power was not conferred
in a given way, clearly different from the point taken at the
trial.   The fourth objection was that the transfer was not
within the powers of the corporation, clearly conceding that
it was the act of the corporation, and therefore not contro-
verting the authority of the agent.   These were all the grounds
urged upon the trial, and they do not include the point now
made, that the transfer was not directed by a resolution of
the directors.

But if the point had been distinctly taken, it would not
have availed the defendants, for several reasons: 1. The stat-
ute prohibiting transfers of the effects of moneyed corpora-
tions exceeding in value $1000, except as authorized by a
previous resolution of the board of directors, (1 *R. S.* 4*th ed.*
1115, § 60,) was designed to protect the corporation against
the acts of its agents and officers, and is for the benefit of the
corporation and its stockholders and creditors.   (*Curtis* v.
*Leavitt, supra.   Eno* v. *Crooke,* 6 *Selden,* 60.)   So long as
the corporation nor any one claiming under it, or as a creditor
having a claim against it at the time of the transfer who
might be injured by it do not repudiate the transaction and
seek to reclaim or reach the note, the debtor cannot attack
the title of the holder under this statute.   The transfer is not
void, but simply voidable at the suit of the corporation or
other party in interest.   2. The statute saves the rights of a
purchaser for a valuable consideration, and the plaintiffs were

Elwell *v.* Dodge.

such purchasers of the note in suit, before its maturity. There was no conflict of evidence, nothing to be submitted to a jury upon this point, and there was no request to submit any question of fact to the jury. Indeed it was not suggested upon the trial that the plaintiffs were not purchasers for value, and no pretense that they had any notice of any want of authority in the officers making the transfer. The president, vice president and secretary were all parties to the transfer, taking part in the transaction. The secretary delivered the note to the vice president to be negotiated after it had been indorsed by the president, and the transfer was in the usual manner, and by the executive and financial officers of the company. 3. It does not appear that there was not a previous resolution authorizing the transaction. All that was proved was that there was no resolution authorizing this particular transfer. But a resolution general in its terms and sufficiently broad to cover the transaction would answer the requirements of the statute. (*See cases cited above.*) It is said, in the points submitted, that "whether the title in this case was transferred by the company was a question of fact, on which there was conflicting evidence," and it was argued that it should have been submitted to the jury. As I read the testimony there was no dispute about the facts. Whether the facts proved established a transfer was a question of law, and should have been decided as such, even if the points now relied upon to invalidate the title of the plaintiffs had been urged there. But it is a sufficient answer to this part of the argument, that the judge at the trial was not requested to submit any question of fact to the jury. It was assumed by counsel and court, without objection, that the questions were questions of law, and the exception was to the decision made as to the legal effect of the facts assumed by the court to have been proved, and not to a refusal to submit any question of fact arising upon the evidence to the jury. So far from suggesting that there was a question of fact for the jury, the counsel for the defendants treated the question as one of

law, by asking a dismissal of the complaint and excepting to the refusal, and also excepting to the decision that the plaintiffs were entitled to a verdict, which was but the converse of the defendant's proposition.

It is now urged that the indorsement of "L. Gregory, President," was not the indorsement of the Globe Mutual Insurance Company, so as to pass title to the note. This point was not taken at the trial. But treated as taken, it is not tenable. This case is distinguished from that relied on by the defendant's counsel. (*Marine Bank* v. *Clements,* 3 *Bos.* 600.) The fact was proved in this case; the absence of which is commented upon by the learned judge in that case, and for want of which the judgment in that case was given. It was proved here that the company had been accustomed to indorse its commercial paper in this manner, and it did not appear that indorsements in any other form had ever been made by it. It was then the indorsement of the company, and not of the president individually, and so the jury must have found had the counsel for the defendants desired that question to be submitted to them, and is in effect found by the general verdict rendered by the jury, under the directions of the court. In *Marine Bank* v. *Clements* stress is laid upon the omission of the referee to find that the note was "indorsed by the company."

The only other question arises upon the offer of the defendants to prove the defense as stated under the second head of their answer, and the exclusion of the evidence by the court. The fair construction of this offer would limit it to evidence of the facts alleged in the paragraph or clause of the answer preceded by the word "Second," and such I doubt not was the understanding of the judge at the trial. The following paragraphs of the answer purport to be statements of other and distinct defenses having no connection with the fact alleged in the "second" paragraph, or with each other. Had the defendants intended any thing else, their counsel should have stated the specific facts designed to be proved, that the court

Elwell *v.* Dodge.

might understandingly pass upon the admissibility of the offered evidence. The second clause of the answer alleges an agreement cotemporaneous with the note, varying its effect, which was clearly inadmissible in evidence. But the defendants are no better off if the offer is held to embrace all the facts alleged as new matter in the answer. The note was transferred before due, and the only facts alleged which are now claimed to have been admissible under the answer are that the plaintiff parted with no value for the note, but took the same as security for a pre-existing debt, and that the defendants " have sustained losses, on property insured in such company, to the amount of $799.82, which said company has become and is liable to pay to these defendants, and which sum they will set off against any claim on the note set forth in plaintiff's complaint." To make this demand a set-off or counter-claim against the note in the hands of the plaintiffs, it must have existed at the time of the transfer of the note by the company. So far as appears from the answer, the claim had an existence for the first on the day of the making of the answer. It does not even appear to have existed at the commencement of the action. The indorsee of negotiable paper does not take it subject to equities that may thereafter arise between the payee and maker, but only to such as exist at the time of the transfer. No defense is set up in the answer, and the judge at the circuit properly excluded all evidence under it.

The judgment must be affirmed.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Allen*, Justices.]