(27 Misc. Rep. 755.)

### BRENNER v. LAWRENCE et al.

(Supreme Court, Trial Term, New York County. June 20, 1899.)

PRINCIPAL AND AGENT—CHECK—LIABILITY OF MAKER.

Where a creditor called on his debtor, a banking firm, for his debt, and they instructed their cashier to make out a check for the amount, which he did, signing his name as "cashier," his act in so doing was the act of his principals, and they are liable on the check as though they drew it themselves.

Action by William F. Brenner against Archibald L. Lawrence and others. There was a verdict for plaintiff. Motion for new trial denied.

MacElhinny & Martin, for plaintiff.

N. B. Levenson, for defendants.

McADAM, J. The defendants conducted a banking house under the name of Lawrence & Simonds. They were indebted to the plaintiff in the sum of $425, and, plaintiff calling upon them for the money, they instructed their cashier to make out a check in favor of the plaintiff for the amount due. The cashier, according to the custom of bankers, drew a check upon his principals, signing it "H. M. Moore, Cashier." The defendants failed shortly afterwards, so that the check was not paid, and the action is against the defendants as drawers of the check to recover the amount due. The act of Moore, according to the plain intention of the parties, was the act of the defendants, done in their business, by their direction, for their benefit, and bound them as effectually as if the check had been signed by the defendants themselves. Elwell v. Dodge, 33 Barb. 336; Bank of the State v. Muskingham Branch Bank, 29 N. Y. 619; Lockwood v. Coley, 22 Fed. 192; Melledge v. Iron Co., 59 Mass. 158; Houghton v. Bank, 26 Wis. 663. Whether in the hands of a bona fide third person, having no knowledge of the facts, the signing by Moore would hold him individually (the word "cashier" being regarded merely as descriptio personæ) is a question that need not be considered, for the plaintiff, who had the transaction, sues upon it, and he knew that Moore was a mere agent, performing an act in the line of his duty for his employers, the defendants, for their benefit and on their account; and it is for this reason that the act is in law theirs, not his.

The verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied.